HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA ERWIN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOPO DESIGNS, LLC,<br><br>Defendant. | Case No. 2:26-cv-01800-RSM<br><br>**DEFENDANT TOPO DESIGNS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES** |

Defendant Topo Designs, LLC ("Topo" or "Defendant"), by and through its undersigned attorneys of record, hereby submits its answer and asserts the following affirmative defenses to the Class Action Complaint for Damages filed by Plaintiff Melissa Erwin ("Plaintiff"), as follows:

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant denies all allegations against them except as expressly admitted herein.

## I. INTRODUCTION

1. Paragraph 1 consists of conclusions of legislative history to which no response is required. To the extent a response is required, Defendant denies.

2. Paragraph 2 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Error! Unknown document property name.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## II. JURISDICTION AND VENUE

8. Paragraph 4 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff alleged that the Washington Superior Court had jurisdiction of this case under RCW 2.08.010, but Defendant invoked this Court's jurisdiction over the instant case by its Notice of Removal.

9. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## III. PARTIES

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies those allegations.

11. Defendant admits it is a limited liability company formed under the laws of Colorado with its principal place of business at 3975 Monaco Pkwy, Denver, CO 80207.

12. Defendant admits it sells its products in Washington both through its website and at brick-and-mortar stores, including REI and Backcountry.

## IV. FACTUAL ALLEGATIONS

### A. CEMA protects Washington consumers from deceptive spam emails.

13. Paragraph 13 purports to contextualize the Supreme Court of Washington's 2001 decision *State v. Heckel* 143 Wn. 2d 824, 835 (2001) (en banc), to which no response is required. To the extent a response is required, Defendant denies.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Error! Unknown document property name.

14. Paragraph 14 purports to describe Chapter 149, Section 1 of Washington's 1998 Session Laws, to which no response is required. To the extent a response is required, Defendant denies.

15. Defendant lacks sufficient information upon which to form a belief as to the allegations contained within Paragraph 15, and therefore Defendant denies.

16. Defendant lacks sufficient information upon which to form a belief as to the allegations contained within Paragraph 16, and therefore Defendant denies.

17. Paragraph 17 purports to quote 15 U.S.C. § 7701(a)(8), to which no response is required. To the extent a response is required, Defendant denies.

18. Paragraph 18 purports to describe Justin M. Rao & David H. Reiley, *The Economics of Spam*, 26 J. of Econ. Perspective 87, 88 (2012), to which no response is required. To the extent a response is required, Defendant denies.

19. Paragraph 19 purports to describe Daniel J. Solove, *Murky Consent: An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024), to which no response is required. To the extent a response is required, Defendant denies.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

22. Paragraph 22 purports to quote the article Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), to which no response is required. To the extent a response is required, Defendant denies.

23. Paragraph 23 consists of conclusions of legislative history of Chapter 149, Section 1 of Washington 1998 Session Laws to which no response is required. To the extent a response is required, Defendant denies.

/ / /



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

24. Paragraph 24 purports to describe *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D.Wash. 2019), to which no response is required. To the extent a response is required, Defendant denies.

25. Paragraph 25 purports to quote *Heckel*, 143 Wn. 2d at 836, to which no response is required. To the extent a response is required, Defendant denies.

26. Paragraph 26 purports to quote *Heckel*, 143 Wn. 2d at 836, to which no response is required. To the extent a response is required, Defendant denies.

27. Paragraph 27 purports to quote *Certification from U.S. Dist. Ct. for W. Sti. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46-47 (Wash. 2025), to which no response is required. To the extent a response is required, Defendant denies.

28. Paragraph 28 purports to quote *Harbers*, 415 F. Supp. 3d at 1011, to which no response is required. To the extent a response is required, Defendant denies.

29. Paragraph 29 purports to describe this Court's decision in *Brown*, 567 P.3d at 44-45, to which no response is required. To the extent a response is required, Defendant denies.

**B. The subject lines of Topo Designs marketing emails make false time scarcity claims.**

30. Paragraph 30 purports to quote Fed. Trade Cmm'n, *Bringing Dark Patterns to Light* 4 (2022), to which no response is required. To the extent a response is required, Defendant denies.

31. Paragraph 31 purports to quote Fed. Trade Cmm'n, *Bringing Dark Patterns to Light* 4 (2022), to which no response is required. To the extent a response is required, Defendant denies.

32. Paragraph 32 purports to quote U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), to which no response is required. To the extent a response is required, Defendant denies.

33. Paragraph 33 purports to describe the article Huiliang Zhao *et al.*, *Impact of Pricing and Product Information on Consumer Buying Behavior with Consumer Satisfaction in a*



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Error! Unknown document property name.

*Mediating Role*, 12 Frontiers in Psychology 720151 (2021), to which no response is required. To the extent a response is required, Defendant denies.

34. Paragraph 34 purports to quote the article *Online Choice Architecture*, to which no response is required. To the extent a response is required, Defendant denies.

35. Paragraph 35 purports to quote the article *Online Choice Architecture,* to which no response is required. To the extent a response is required, Defendant denies.

36. Paragraph 36 purports to quote the article *Online Choice Architecture*, to which no response is required. To the extent a response is required, Defendant denies.

37. Defendant lacks sufficient information upon which to form a belief as to the allegations contained within Paragraph 37 and therefore, Defendant denies.

38. Paragraph 38 purports to quote the article *Online Choice Architecture*, to which no response is required. To the extent a response is required, Defendant denies.

39. Paragraph 39 purports to quote the article *Online Choice Architecture*, to which no response is required. To the extent a response is required, Defendant denies.

40. In response to Paragraph 40, Defendant admits.

41. In response to Paragraph 41, Defendant denies.

42. In response to Paragraph 42, Defendant denies.

43. In response to Paragraph 43, Defendant denies.

44. In response to Paragraph 44, Defendant denies.

45. In response to Paragraph 45, Defendant denies.

46. In response to Paragraph 46, Defendant denies.

47. The December 11, 2025, email referenced in Paragraph 47, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 47.

48. In response to Paragraph 48, Defendant denies.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

49. The December 12 email referenced in Paragraph 49, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 49.

50. In response to Paragraph 50, Defendant denies.

51. The December 12 email referenced in Paragraph 51, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 51.

52. In response to Paragraph 52, Defendant denies.

53. In response to Paragraph 53, Defendant denies.

54. The December 13 email referenced in Paragraph 54, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 54.

55. The December 14 emails referenced in Paragraph 55, if any such emails exist, speak for themselves. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced emails. Defendant denies all other allegations in Paragraph 55.

56. In response to Paragraph 56, Defendant denies.

57. In response to Paragraph 57, Defendant denies.

58. In response to Paragraph 58, Defendant denies.

59. The July 9, 2025, email referenced in Paragraph 59, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 59.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

60. In response to Paragraph 60, Defendant denies.

61. The July 10 email referenced in Paragraph 61, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 61.

62. In response to Paragraph 62, Defendant denies.

63. The July 10 email referenced in Paragraph 63, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 63.

64. In response to Paragraph 64, Defendant denies.

65. In response to Paragraph 65, Defendant denies.

66. The July 11 email referenced in Paragraph 66, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 66.

67. In response to Paragraph 67, Defendant denies.

68. In response to Paragraph 68, Defendant denies.

69. The December 8, 2024 email referenced in Paragraph 69, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 69.

70. The December 9 email referenced in Paragraph 70, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 70.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

71. The December 9 email referenced in Paragraph 71, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 71.

72. In response to Paragraph 72, Defendant denies.

73. The December 10 email referenced in Paragraph 73, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 73.

74. The September 1, 2024 email referenced in Paragraph 74, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 74.

75. The September 2 email referenced in Paragraph 75, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 75.

76. The September 2 email referenced in Paragraph 76, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 76.

77. In response to Paragraph 77, Defendant denies.

78. The September 3 email referenced in Paragraph 78, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 78.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

79. The May 28, 2024, email referenced in Paragraph 79, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 79.

80. In response to Paragraph 80, Defendant denies.

81. The May 29 email referenced in Paragraph 81, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 81.

82. The November 28, 2023 email referenced in Paragraph 82, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 82.

83. In response to Paragraph 83, Defendant denies.

84. The November 29 email referenced in Paragraph 84, if any such email exists, speaks for itself. To the extent a response is required, Defendant denies all assertions or characterizations that are not expressly provided in the referenced email. Defendant denies all other allegations in Paragraph 84.

85. In response to Paragraph 85, Defendant denies.

86. In response to the allegations in Paragraph 86, Defendant denies.

**C. Topo Designs knows when it sends emails to Washington residents.**

87. Defendant admits only that it engages in email marketing campaigns in the United States. Defendant denies all remaining allegations in Paragraph 87.

88. In response to the allegations in Paragraph 88, Defendant denies.

89. Defendant admits that it may obtain information about its customers when those customers make purchases on Defendant's digital platforms or otherwise self-report such



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

information to Defendant. Defendant denies that such information necessarily includes "information tied to email addresses." Defendant denies the remaining allegations in Paragraph 89.

90. In response to the allegations in Paragraph 90, Defendant denies.

91. Defendant admits it currently uses Klaviyo to manage its email marketing campaigns. Defendant denies the remaining allegations in Paragraph 91.

92. In response to the allegations in Paragraph 92, Defendant denies.

93. In response to the allegations in Paragraph 93, Defendant denies.

94. In response to the allegations in Paragraph 94, Defendant denies.

95. Paragraph 95 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

**D. Topo Designs violated Plaintiff right under CEMA to be free from deceptive commercial emails.**

96. In response to the allegations in Paragraph 96, Defendant denies.

97. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies the same.

98. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies the same.

99. In response to the allegations in Paragraph 99, Defendant denies.

100. Paragraph 100 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

101. Paragraph 101 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

/ / /

/ / /

/ / /



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

## V. CLASS ACTION ALLEGATIONS

102. Defendant admits only that Plaintiff seeks to pursue this action as a class action on behalf of the "Class" as defined in Paragraph 102. Defendant denies that this action may be certified as a class action and denies all the remaining allegations in Paragraph 102.

103. Defendant admits only that Plaintiff seeks to pursue this action as a class action on behalf of the "Class" as defined in Paragraph 102. Defendant denies that this action may be certified as a class action and denies all the remaining allegations in Paragraph 103.

104. Defendant admits only that Plaintiff seeks to pursue this action as a class action with the "Class" as defined in Paragraph 102. Defendant denies that this action may be certified as a class action and denies all the remaining allegations in Paragraph 104.

105. In response to Paragraph 105, this paragraph purports to reserve Plaintiff's rights to amend the complaint to which no response is required. To the extent a response is required, Defendant denies.

106. In response to the allegations in Paragraph 106, Defendant denies.

107. In response to the allegations in Paragraph 107, Defendant denies.

108. In response to the allegations in Paragraph 99, Defendant denies.

109. Defendant admits only that Plaintiff has retained counsel to pursue this action. Defendant denies the remaining allegations in Paragraph 109.

110. In response to the allegations in Paragraph 110, Defendant denies.

111. In response to the allegations in Paragraph 111, Defendant denies.

112. In response to the allegations in Paragraph 112, Defendant denies.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

113. Defendant realleges and incorporates its responses to Paragraphs 1-101 as though fully set forth herein.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

114. Paragraph 114 purports to describe RCW 19.190.020(1)(b) to which no response is required. The statute speaks for itself. To the extent a response is required, Defendant admits only that the statute is accurately quoted, albeit with internal citation(s) and/or certain text omitted. Defendant denies any assertions or characterizations that are not expressly provided in the referenced statute. Defendant denies any remaining allegations in Paragraph 114.

115. Paragraph 115 purports to describe RCW 19.190.010(11) to which no response is required. To the extent a response is required, Defendant admits only that it is a limited liability company. Defendant denies all remaining allegations in Paragraph 115.

116. In response to the allegations in Paragraph 116, Defendant denies.

117. In response to the allegations in Paragraph 117, Defendant denies.

118. In response to the allegations in Paragraph 118, Defendant denies.

119. In response to the allegations in Paragraph 119, Defendant denies.

## Second Claim to Relief

## Violation of the Consumer Protection Act, RCW 19.86.020

120. Defendant realleges and incorporates its responses to Paragraphs 1-101 as though fully set forth herein.

121. Paragraph 121 purports to describe RCW 19.86.020 to which no response is required. The statute speaks for itself. To the extent a response is required, Defendant admits only that the statute is accurately quoted, albeit with internal citation(s) and/or certain text omitted. Defendant denies any assertions or characterizations that are not expressly provided in the referenced statute. Defendant denies any remaining allegations in Paragraph 121.

122. Paragraph 122 purports to describe RCW 19.190.030 to which no response is required. The statute speaks for itself. To the extent a response is required, Defendant admits only that the statute provides that violations of RCW 19.190.030 may also be a violation of Washington's Consumer Protection Act. Defendant denies any remaining allegations in Paragraph 122.



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

123. In response to the allegations in Paragraph 123, Defendant denies.

124. Paragraph 124 purports to describe RCW 19.190.020(1)(b) to which no response is required. The statute speaks for itself. To the extent a response is required, Defendant admits only that the statute is accurately quoted, albeit with internal citation(s) and/or certain text omitted. Defendant denies any assertions or characterizations that are not expressly provided in the referenced statute. Defendant denies any remaining allegations in Paragraph 124.

125. Paragraph 125 purports to describe RCW 19.190.010(11) to which no response is required. To the extent a response is required, Defendant admits only that it is a limited liability company. Defendant denies all remaining allegations in Paragraph 125.

126. In response to the allegations in Paragraph 126, Defendant denies.

127. In response to the allegations in Paragraph 127, Defendant denies.

128. In response to the allegations in Paragraph 128, Defendant denies.

129. In response to the allegations in Paragraph 129, Defendant denies.

## VII. JURY DEMAND

130. Paragraph 130 consists of Plaintiff's jury demand, to which no response is required. To the extent Paragraph 130 contains any factual allegations to which a response is required, Defendant admits that Plaintiff had demanded a jury but denies that Plaintiff is entitled to trial by jury.

131. Except as expressly admitted Defendant denies each and every allegation contained in Plaintiff's Complaint and the whole thereof.

## VIII. PLAINTIFF'S PRAYER FOR RELIEF

132. In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to recover any of the damages or relief sought from Defendant, including that Plaintiff is not entitled to any of the relief requested in the Prayer for Relief in Plaintiff's Class Action Complaint.

## IX. AFFIRMATIVE DEFENSES

133. Defendant has not yet had the full opportunity to conduct a reasonable inquiry of



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Error! Unknown document property name.

the facts underlying this lawsuit, but based on its current knowledge, information and belief, and without assuming any burden held by Plaintiff, Defendant asserts the following affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of this case, without admitting those matters previously denied. Upon request and/or having conducted discovery in this case, Defendant will withdraw those defenses that are unsupported by the facts revealed in pretrial discovery and investigation, should there be any such defenses. On the basis of the above, by way of further answer to Plaintiff's Complaint, Defendant alleges the following:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

134. Plaintiff's Complaint fails to state a claim, either in whole or in part, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

135. Plaintiff's recovery, if any, must be reduced to the extent Plaintiff and/or some or all of the putative class members failed to take reasonable steps to mitigate damages or avoid consequences, and any recovery must be reduced and/or denied accordingly.

**THIRD AFFIRMATIVE DEFENSE**

**(A Basis of Puffery or Opinion)**

136. The claims of Plaintiff and/or the putative class fail because they are premised on mail subject lines that were mere opinion or "puffery."

**FOURTH AFFIRMATIVE DEFENSE**

**(Immateriality)**

137. The claims of Plaintiff and/or the putative class fail because they are premised on 24 purported misstatements that were not material.

/ / /



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Error! Unknown document property name.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Detrimental Reliance)**

138. The claims of Plaintiff and/or the putative class fail because they are premised on email subject lines on which neither she nor any putative class members relied to their detriment, and/or relied on whatsoever.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Actionable Scienter)**

139. The claims of Plaintiff and/or the putative class fail because Defendant did not act with actionable scienter in transmitting any email subject lines alleged to be false or misleading.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of knowledge or reason to know of misleading subject lines)**

140. The claims of Plaintiff and/or the putative class fail because Defendant did not know or have reason to know that the emails with allegedly false or misleading subject lines were sent to electronic mail addresses held by Washington residents.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of knowledge or reason to know of class members' residency)**

141. The claims of Plaintiff and/or the putative class fail because the residency of the Plaintiff and/or the putative class members was not known or reasonably knowable to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Residency requirement not met)**

142. The claims of Plaintiff and/or the putative class fail because Plaintiff and/or some or all of the putative class members were not residing in Washington on the transmittal date of the emails containing allegedly false or misleading subject lines.

**TENTH AFFIRMATIVE DEFENSE**

**(Location requirement not met)**

143. The claims of Plaintiff and/or the putative class fail because Plaintiff and/or some



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

or all of the putative class members were not in Washington on the transmittal date of the emails containing allegedly false or misleading subject lines and/or on the date or dates such emails were received.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Claim Preemption)**

144. The claims of Plaintiff and/or the putative class are preempted in whole or in part by federal law, including by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 USC§ 7701 et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Claim Preemption)**

145. The claims of Plaintiff and/or the putative class are barred, in whole or in part, by the Commerce Clause of the U.S. Constitution, U.S. Const. art. I, § 8, cl. 3, including under the "dormant Commerce Clause" doctrine. The claims of Plaintiff and/or the putative class are additionally barred, in whole, or in part, by the Controlling the Assault of Non-Solicited Pornography and Marketing Act (CAN-SPAM) 15 U.S.C. §§ 7701–7713.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Excessive and unconstitutional damages)**

146. The statutory damages and penalties sought by Plaintiff and the putative class members are excessive and unconstitutional under the constitutions of the United States and/or the State of Washington, including the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and/or the prohibition on excessive fines in the Washington Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

147. The statutory damages and penalties sought by Plaintiff and the putative class violate the due process provisions of the constitutions of the United States and/or the State of Washington.



O'HAGAN MEYER PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Claims barred as impermissible restrictions on speech)**

148. The claims of Plaintiff and/or the putative class are barred, in whole or in part, as impermissible restrictions on speech under the constitutions of the United States and/or the State of Washington.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Claims barred by the doctrines of estoppel and/or acquiescence)**

149. The claims of Plaintiff and/or the putative class are barred, in whole or in part, by the doctrines of estoppel and/or acquiescence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Claims barred by the doctrines of ratification and/or unclean hands)**

150. The claims of the Plaintiff and members of the proposed class may be barred, in whole or in part, to the extent doctrines such as ratification and/or unclean hands apply.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Claims barred or diminished by Defendant's use of reasonable care)**

151. Plaintiff's claims and remedies and/or the claims and remedies of the putative class members are diminished or barred to the extent that Defendant exercised reasonable care to prevent and correct conduct in violation of applicable law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Good faith)**

152. Defendant acted in good faith and in reliance on applicable law, regulations, and guidance.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of willfulness)**

153. Defendant did not act willfully in connection with any alleged violation.

/ / /



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unjust enrichment)**

154. The claims of Plaintiff and/or the putative class are barred to the extent that any award in this action would constitute unjust enrichment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of casually linked cognizable harm)**

155. The claims of Plaintiff and the proposed class are barred, in whole or in part, because Plaintiff and the proposed class did not suffer cognizable harm that was causally linked to Defendant's alleged wrongful conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Insufficiently certain damages)**

156. Plaintiff and/or the putative class members are not entitled to damages because any such damages are speculative, excessive, arbitrary, unjust, unauthorized, or insufficiently certain. The Court can, and should, equitably reduce or deny any statutory and/or treble damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of standing)**

157. Plaintiff and/or some or all of the absent members of the proposed class lack standing and thus may not be included in any proposed class.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Violation of the First Amendment)

158. The claims of Plaintiff and the proposed class are barred, in whole or in part, because the subject lines at issue are promotional speech and regulation thereof must be made in strict accordance with the right to freedom of speech.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Claims barred)**

159. To the extent CEMA, RCW 19.190.010 et seq., purports to amend the Consumer



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Protection Act, RCW 19.86.010 et seq., including but not limited to by defining or establishing in whole or in part, violations of the Consumer Protection Act or remedies available for claims brought under the Consumer Protection Act, CEMA violates Article 2, Section 37 of the Washington Constitution, and Plaintiffs' claims are barred accordingly.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Defendant lacks sufficient information)**

160. Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that may apply to the claims asserted in Plaintiffs Complaint. Defendant therefore reserves the right to raise additional defenses that become known through the course of discovery and further investigation.

**RESERVATION OF RIGHTS**

161. Defendant expressly reserves the right to amend its Answer to add additional affirmative defenses, counterclaims, or cross-claims or to identify responsible third parties as additional facts are obtained through discovery or trial.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint For Damages, Defendant respectfully request the following relief:

a. That Plaintiff's Complaint For Damages be dismissed with prejudice and that the Court deny any requests to certify this case as a class action;

b. That Plaintiff and the proposed class recover nothing from Defendant on Plaintiff's claims herein;

c. That Defendant be granted their costs and disbursements herein, including their reasonable attorney's fees to the extent recoverable under law; and

d. That Defendant be granted such other and further relief as the Court may deem appropriate.

/ / /



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

DATED this 16th day of October, 2026

O'HAGAN MEYER PLLC

By: *s/John M. Kreutzer*

John M. Kreutzer, WSBA #30068
jkreutzer@ohaganmeyer.com
Melissa LeBlanc-Mansell, WSBA #59808
mmansell@ohaganmeyer.com
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971-315-0650

Attorneys for Defendant

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of the foregoing to be served via the methods below on October 16, 2026 on the following counsel/party of record:

| | |
|---|---|
| ***Attorneys for Plaintiff and the Putative Class***<br><br>Samuel J. Strauss, WSBA #46971<br>Raina C. Borrelli, admitted *Pro Hac Vice*<br>**STRAUSS BORRELLI PLLC**<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>Telephone: (872) 263-1100<br>Facsimile: (872) 263-1109<br>Email: sam@straussborrelli.com<br>Email: raina@straussborrelli.com<br><br>Lynn A. Toops, admitted *Pro Hac Vice*<br>Natalie A. Lyons*<br>Ian R. Bensberg*<br>**COHENMALAD, LLP**<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Telephone: (317) 636-6481<br>Email: ltoops@cohenmalad.com<br>Email: nlyons@cohenmalad.com<br>Email: ibensberg@cohenmalad.com<br><br>Gerard J. Stranch, IV*<br>Michael C. Tackeff*<br>Andrew Murray*<br>**STRANCH, JENNINGS & GARVEY, PLLC**<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 3 7203<br>Telephone: (615) 254-8801<br>Email: gstranch@stranchlaw.com<br>Email: mtackeff@stranchlaw.com<br>Email: amurray@stranchlaw.com<br><br>*** Applications for admission pro hac vice forthcoming** | ☐ via U.S. Mail, first class, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☒ via Court E-Filing System<br>☒ via E-mail |



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720

Dated October 16, 2026 at Portland, Oregon.

*s/Sarah Primiano*
Sarah Primiano, Legal Assistant



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206.844.1350
Facsimile: 971.315.0720